UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FLORITA STATON
*as parent/guardian of D.S.*

               Plaintiff,

               v.

DISTRICT OF COLUMBIA

               Defendant.

Case No. 1:13-cv-1966 (GMH)

**MEMORANDUM OPINION**

This matter was referred to the undersigned for all purposes. Plaintiff Florita Staton is the parent of D.S., a child protected by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. Plaintiff initiated this action to recover attorney's fees and costs incurred while litigating claims under the IDEA at the administrative level. On February 28, 2014, defendant made an offer of judgment to plaintiff as to that claim. Plaintiff accepted that offer of judgment on March 12, 2014.

Plaintiff also sought to recover her fees and costs expended during the instant fee-collection litigation. To that end, after accepting defendant's offer of judgment, plaintiff filed a motion for an award of attorney's fees and costs which seeks "fees-on-fees," or an award of fees and costs stemming from the prosecution of this civil action for fees. The matter is fully briefed and ripe for disposition. For the reasons stated below, the Court will grant in part and deny in part plaintiff's motion for fees-on-fees.[1]

---

[1] The relevant docket entries for purposes of this Memorandum Opinion are as follows: (1) Plaintiff's Complaint ("Compl.") [Dkt. 1]; (2) Notice of Offer of Judgment ("Offer") [Dkt. 11]; (3) Notice of Acceptance of Offer of Judgment ("Acceptance") [Dkt. 14]; (4) Plaintiff's Motion for Attorney Fees and Costs ("Mot.") [Dkt. 16]; (5) Defendant's Opposition to Plaintiff's Motion for Attorney's Fees and Costs ("Opp.") [Dkt. 18]; (6) Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Attorney's Fees and Costs ("Reply") [Dkt. 19].

**BACKGROUND**

On October 3, 2013, plaintiff filed an administrative due process complaint against the District of Columbia Public Schools system ("DCPS") on behalf of D.S. pursuant to the IDEA. Plaintiff prevailed, and she subsequently sought $31,774.15 in attorney's fees and costs from DCPS. Compl. ¶¶ 6–7. When DCPS failed to pay, plaintiff filed a civil action against defendant, the District of Columbia, on December 11, 2013. See id. ¶ 8. Defendant made an offer of judgment to plaintiff on February 28, 2014, in the amount of $21,400, which plaintiff accepted on March 12, 2014. See Offer; Acceptance. The settlement figure represents approximately two-thirds of plaintiff's original request. Compl. at ¶ 9.[2]

On April 4, 2014, plaintiff filed the instant motion to recover her fees-on-fees. See Mot. Plaintiff seeks to recover the attorney's fees of her counsel, Carolyn Houck, in litigating this matter. Id. at 1. This motion seeks $9,820, which is comprised of $9,270 in attorney's fees and $550 in costs. Id. at 6.

**LEGAL STANDARD**

Under the IDEA, this Court has discretion to "award reasonable attorney's fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability" in an administrative proceeding. 20 U.S.C. § 1415(i)(3)(B)(i). "Parties who prevail at the administrative level can also recover fees-on-fees, as our general rule is that the court may award additional fees for 'time reasonably devoted to obtaining attorney's fees.'" Kaseman v. Dist. of Columbia, 444 F.3d 637, 640 (D.C. Cir. 2006) (quoting Envt'l Def. Fund v. EPA, 672 F.2d 42,

---

[2] Plaintiff accepted an offer of judgment as to the first fee petition. One may question whether this renders plaintiff a "prevailing party" for purposes of instant fees-on-fees petition. However, in determining whether the movant is a prevailing party for purposes of reviewing a fees-on-fees petition, the proper inquiry is whether plaintiff prevailed at the administrative level, rather than whether they prevailed on the initial fee petition. Kaseman v. Dist. of Columbia, 444 F.3d 637, 640 (D.C. Cir. 2006). There is no question that plaintiff prevailed at the administrative level.

62 (D.C. Cir. 1982)). "The availability of 'fees for fees' is essential to carrying out Congress' goal in including [fee-shifting] provision[s] in the first place." Am. Fed'n of Gov't Emps., AFL-CIO, Local 3882 v. Fed. Labor Relations Auth., 994 F.2d 20, 22 (D.C. Cir. 1993).

To determine the appropriate award, courts apply a three-part test. That test requires the court to determine the "number of hours reasonably expended in litigation," then set a "reasonable hourly rate," and finally decide whether a multiplier is warranted.[3] Save Our Cumberland Mountains, Inc. v. Hodel, 857 F.2d 1516, 1517 (D.C. Cir. banc 1988). The "fee applicant bears the burden of establishing entitlement to an award, documenting the appropriate hours, and justifying the reasonableness of the rates." Covington v. Dist. of Columbia, 57 F.3d 1101, 1107–08 (D.C. Cir. 1995). Upon a proper showing as to these elements, a presumption applies that the number of hours billed and the hourly rates are reasonable. See Jackson v. Dist. of Columbia, 696 F. Supp. 2d 97, 100–01 (D.D.C. 2010). The burden then shifts to the defendant "provide specific contrary evidence tending to show that a lower rate would be appropriate." Covington, 57 F.3d at 1109–10.

As to the hourly-rate element, courts analyze three sub-elements: (1) "the attorney['s] billing practices"; (2) "the attorney['s] skill, experience, and reputation"; and (3) "the prevailing market rates in the relevant community." Covington, 57 F.3d at 1107. The Court of Appeals has recently addressed the hourly-rate element. In Eley, the D.C. Circuit observed that determining a prevailing market rate is "inherently difficult," but nevertheless emphasized the "importance of fixing the prevailing hourly rate in each case with a fair degree of accuracy." Eley v. Dist. of Columbia, 793 F.3d 97, 100 (D.C. Cir. 2015) (internal quotations omitted). To meet its burden with respect to the hourly-rate element, a fee applicant must "'produce satisfactory evidence – in

---

[3] The IDEA prohibits application of any "bonus or multiplier," 20 U.S.C. § 1415(i)(3)(C), so this factor will not be considered. Eley v. Dist. of Columbia, 793 F.3d 97, 100 (D.C. Cir. 2015).

3

addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" Id. (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)).

One such type of additional evidence permitted in this Circuit is attorney's fee matrices such as the Laffey Matrix prepared by the Civil Division of the United States Attorney's Office for the District of Columbia ("USAO Laffey Matrix"). Id.; Rooths v. Dist. of Columbia, 802 F. Supp. 2d 56, 62 (D.D.C. 2011). The USAO Laffey Matrix is for use when a fee-shifting statute permits the recovery of reasonable attorney's fees. See Mot., Ex. 3. It was created to demonstrate the "prevailing rates in the community for lawyers of comparable skill, expertise and reputation in complex federal litigation." Laffey v. Nw. Airlines, Inc., 572 F. Supp. 354, 371–72 (D.D.C. 1984). But while such attorneys' fee matrices can "provide a useful starting point" in calculating the prevailing market rate, see Covington, 57 F.3d at 1109, as Eley confirms, a fee applicant does not meet its burden on the third element merely by submitting the USAO Laffey Matrix, or one of its variants,[4] with a fee application. Rather, the applicant is obliged to demonstrate that the suggested rates in the matrix are "in line with those prevailing in the community for similar services." Eley, 793 F.3d at 104 (emphasis in original); id. at 100 ("'An applicant is required to provide specific evidence of the prevailing community rate for the type of work for which he seeks an award.'") (quoting Nat'l Ass'n of Concerned Veterans v. Sec'y of Def., 675 F.2d 1319, 1325 (D.C. Cir. 1982) (emphasis in original)).

---

[4] The original USAO Laffey Matrix is now more than thirty years old and must be updated to account for inflation. See Eley, 793 F.3d at 101. Competing Laffey Matrices have developed because litigants disagree as to whether the Laffey rates should be adjusted for inflation by using the Consumer Price Index for All Urban Consumers of the United States Bureau of Labor Statistics (as is done in the USAO Laffey Matrix) or by using the Legal Services Index of the Bureau of Labor Statistics (as is done in the LSI Laffey Matrix). Id. Neither party in this action contends that the rates established in the LSI Laffey Matrix should be applied in this matter.

A fee applicant can make this showing by supplementing fee matrices with other evidence such as "surveys to update the[m]; affidavits reciting the precise fees that attorneys with similar qualifications have received from fee-paying clients in comparable cases; and evidence of recent fees awarded by the courts or through settlement to attorneys with comparable qualifications handling similar cases." Id. at 101 (quoting Covington, 57 F.3d at 1109); see also id. at 104, n. 5 ("Evidence of the prevailing market rate can take many forms."); Covington, 57 F.3d at 1113 (Henderson, J. dissenting) ("'A statistically reliable, well-documented, and extensive survey of the rates clients pay for a certain sub-market of legal services would be powerfully persuasive.'").

**DISCUSSION**

Defendant does not dispute that plaintiff is a prevailing party or that a fees-on-fees recovery is permissible under the IDEA. Defendant does, however, challenge the reasonableness of the fees that plaintiff seeks. The Court first considers the reasonableness of the hourly rate charged by Ms. Houck before considering whether the number of hours claimed and the total award sought are reasonable.

**A.     Reasonableness of Hourly Rate**

Plaintiff seeks reimbursement for Ms. Houck's fees in this litigation at a rate of $450 per hour, which is her full USAO Laffey rate for the time period in question.[5] Mot., Ex. 1 at 1.

---

[5] Plaintiff's counsel claims an hourly rate of $450 per hour for time spent on the fee petition. See Mot. Defendant argues that plaintiff's counsel billed at a rate of $445 per hour for her initial fee request and finds the increase claimed in the fees-on-fees petition inexplicable. Opp. at 3 n.1. Plaintiff does not address this issue in her reply, but sticks to her request as calculated at a rate of $450 per hour. See Reply.
    Plaintiff's counsel graduated from law school in 1996 and was admitted to the Bar in 1997. Mot., Ex. 2 at 1. She has represented students with special education needs since 1997. Id. Therefore, plaintiff's counsel would be in the 11–19 years of experience bracket for the entire time period relevant to this action. The USAO Laffey Matrix indicates that $445 per hour was the appropriate rate in 2012–2013, and that $450 per hour was the appropriate rate for 2013–2014 for an attorney with 11–19 years' experience. Id., Ex. 3. The USAO Laffey year begins on June 1. Id.

Plaintiff contends that this hourly rate is reasonable because: (1) Ms. Houck kept detailed billing records; (2) Ms. Houck has been exclusively engaged in representing special-needs students since her admission to the bar in 1997; and (3) the requested rate reflects the USAO Laffey rate applicable to her years of experience. Mot. at 2–3. Plaintiff argues that the USAO Laffey rate represents the prevailing market rate for special-education attorneys in the District of Columbia. Id. at 3. Plaintiff points out that many judges in this Court have used the USAO Laffey Matrix to determine fee rates in IDEA cases. Id. Finally, plaintiff claims that her requested rate is reasonable "given the legal issues involved in this case and the requirement to file a Motions [sic] for Summary Judgment and review other dispositive documents, as necessary." Id. at 5. Plaintiff concludes that "[t]his was not a simple or straightforward case" and that, as a result, the full USAO Laffey rate is appropriate. Id.

In its response, defendant does not challenge the first two elements of plaintiff's fee demand, i.e., counsel's billing practices or professional experience. See Opp. at 2. Rather, defendant makes two arguments in opposition to plaintiff's counsel's request that her hourly rate be set at the full USAO Laffey rate. First, defendant claims that plaintiff has not met her burden in demonstrating that the requested hourly rate is reasonable. Id. Second, defendant contends that plaintiff's counsel should be compensated at half the USAO Laffey rate because fee litigation is straightforward. Id. at 3. Furthermore, defendant contends that the lowered rate is appropriate in light of the swift resolution of this case. Id. In her reply, plaintiff argues that

---

With regard to plaintiff's original fee petition for work performed in the underlying administrative litigation, Ms. Houck began billing on May 3, 2013, when the appropriate USAO Laffey rate was $445 per hour for an attorney with 11–19 years of experience. Id. She continued billing past June 1, 2013, but continued to charge $445 per hour throughout the petition. Compl. at 2. In contrast, plaintiff's counsel's work on litigating attorney's fees began on December 12, 2013, when the appropriate USAO Laffey rate was $450 per hour. Therefore, the increase in fees between the original petition and instant motion comports with USAO Laffey.

seventy-five percent of the USAO Laffey rate would be appropriate if the Court determines that the full USAO Laffey rate is unreasonable. Reply at 2.

Defendant's first argument – that plaintiff has failed to prove the reasonableness of her requested rate – carries some weight under the Court of Appeals' analysis in Eley. The D.C. Circuit in Eley cautioned against uncritical reliance on the fee matrices, holding that to accord such rates presumptive reasonableness is to "fli[p] the burden of persuasion on its head." Eley, 793 F.3d at 105. Nevertheless, the Court of Appeals found relevant, as one measure of prevailing rates, the weight of case authority concerning rates awarded in fee petitions in similar cases. Id. at 104; see also id. at 101 (prevailing rates can be demonstrated by, inter alia, "'evidence of recent fees awarded by the courts or through settlement to attorneys with comparable qualifications handling similar cases'") (quoting Covington, 57 F.3d at 1109)). In other words, the hourly rates plaintiffs have obtained in recent similar cases is, in fact, persuasive evidence that those rates are the prevailing rates in the community for those types of cases.[6] See id.; see also Nat'l Ass'n of Concerned Veterans, 675 F.2d at 1325 ("Recent fees awarded by the courts or through settlement to attorneys of comparable reputation and experience performing similar work are . . . useful guides in setting an appropriate rate.")

Defendant cites to numerous cases in this District awarding half of the applicable USAO Laffey rate for cases like this one, i.e., involving IDEA fees-on-fees litigation. See, e.g., Means v. Dist. of Columbia, 999 F. Supp. 2d 128, 136 (D.D.C. 2013); Garvin v. Dist. of Columbia, 910

---

[6] The undersigned recognizes that basing the prevailing rate analysis on the weight of prior case authority may favor the USAO Laffey Matrix over its variants because it came first. The D.C. Circuit's decision in Eley makes plain, however, that fee applicants need not "always cite fee orders issued in other cases" in order for their fee petitions to be successful. Id. at 104 n.5. Instead, "evidence of the prevailing market rate can take many forms." Id. Indeed, the Court of Appeals observed that it would be "powerfully persuasive" if, instead of relying on any fee matrix, a fee petitioner were to submit a "statistically reliable, well-documented, and extensive survey of the rates clients pay for [the] sub-market of legal services" at issue in the case. Id. (internal quotation omitted). Plaintiff provides no such survey here in support of her counsel's request for an award of full USAO Laffey rates.

F. Supp. 2d 135, 140 (D.D.C. 2012); Smith v. Dist. of Columbia, No. 02–373, 2005 WL 914773, at *3 (D.D.C. Apr. 18, 2005); Wright v. Dist. of Columbia, 883 F. Supp. 2d 132, 135 (D.D.C. 2012); Briggs v. Dist. of Columbia, Civil Action No. 14–0002 (RC), 2015 WL 1811973, at *4 (D.D.C. Apr. 21, 2015). Plaintiff provides no cases awarding full USAO Laffey rates in IDEA fees-on-fees cases,[7] and only one case awarding seventy-five percent of USAO Laffey rates in such a case. Reply at 2 (citing Davis v. Dist. of Columbia, Case No. 1:12-cv-0016 (BAH/JMF) (D.D.C. Dec. 4, 2013)). In Davis, however, the court did not address the difference between fees-on-fees litigation and litigation of the underlying fee petition. See Davis [Dkt. 42], at 11. Rather, the Court, in recommending an award of seventy-five percent USAO Laffey, merely continued its prior practice of recommending seventy-five percent USAO Laffey with respect to the initial fee petition. Id. Because, as discussed below, these two types of work are meaningfully different, Davis is not persuasive, particularly when compared to the weight of authority in this District on the fees-on-fees issue.

Based on the parties' submissions and the Court's own survey of recent fee orders in this District, it appears that the prevailing rate obtained by IDEA plaintiffs for fees-on-fees litigation is half the applicable USAO Laffey rate. Plaintiff's requested hourly rate of full USAO Laffey thus overshoots the prevailing market rate. See Price v. Dist. of Columbia, 792 F.3d 112, 117 (D.C. Cir. 2015) (Brown, J., concurring) ("In deciding what constitutes reasonable attorneys' fees, courts have a tendency to err on the side of awarding too much rather than too little. However, inflated fee awards are far from harmless; they produce windfalls to attorneys at the

---

[7] The undersigned was able to locate only one case awarding full USAO Laffey rates for IDEA fees-on-fees litigation. See Coleman v. Dist. of Columbia, Civil Action No. 03–00126(HHK), 2007 WL 1307834, at *3–4 (D.D.C. May 3, 2007). In Coleman, the Court rejected the notion that counsel's hourly rate should be reduced based on the lack of complexity in fees-on-fees litigation. Id. Nevertheless, the court reduced by nearly half the hours it would compensate largely because of the lack of complexity of the proceedings. Id. at *6. Thus, whether reduced at the level of hourly rates or at the level of compensable hours, Coleman does not break from the practice in this Court of reducing the amount otherwise sought in a fees-on-fees motion by approximately half.

expense of public education."). Therefore, the Court will award half the applicable USAO Laffey rate as a reasonable hourly rate with respect to the instant fees-on-fees petition.

This Court finds that recent fees-on-fees orders in this District evidence a reasonable rate for attorney's fees in this case. Nevertheless, even were the Court to consider the relative complexity of this litigation in assessing an appropriate hourly rate, as has been done in cases prior to Eley, the Court agrees with defendant that the full USAO Laffey rate in the context of this straightforward fee litigation would be unreasonable. Plaintiff presents no evidence to show that this fee litigation required specialized knowledge or skill. Nor does she provide evidence to show the level of complexity typically required for an award of full USAO Laffey rates. Her threadbare assertion that this case was not "simple or straightforward" does not convince the Court otherwise. Mot. at 5; Garvin, 910 F. Supp. 2d at 140 (IDEA fees-on-fees litigation "does not concern complex issues regarding the application of the IDEA, but is rather fairly straightforward litigation over an award of attorneys' fees"). Similarly, the mere fact that a motion for summary judgment was filed, Mot. at 5, does not make the legal issues at hand any more complex. See Smith, 2005 WL 914773, at *3 (holding that "fee litigation is not complex federal litigation and does not necessarily entail specialized expertise and experience").

The work Ms. Houck performed in this matter appears to be routine legal work, including drafting a complaint, drafting a motion for summary judgment, and corresponding with plaintiff and defendant's counsel. No complex legal issues arose here. The parties' dispute instead focused on whether Ms. Houck's requested hourly rate was reasonable. Indeed, plaintiff was not even required to file a reply in support of her motion for summary judgment, nor respond to defendant's cross-motion for summary judgment, because she accepted defendant's offer of judgment. Thus, the fee litigation in the case was straightforward and not complex. For that

additional reason, the Court rejects counsel for plaintiff's request for an award of full USAO Laffey rates for her counsel and holds that half the applicable USAO Laffey rate is appropriate.

### B. Reasonableness of Numbers of Hours Worked

The Court next considers whether the 20.6 hours of work that Ms. Houck billed for this fee litigation is reasonable. See Mot., Exhibit 1 at 3–4. Defendant does not challenge any specific time entries as unreasonable. However, where a defendant has yet to pay the requested fees to the plaintiff, the Court need not treat the reasonableness of the individual entries as conceded, and may find certain entries non-reimbursable. Wright, 883 F. Supp. 2d at 134; Briggs, 2015 WL 1811973, at *4 ("Though Defendant does not argue that [p]laintiff's hours are unreasonable . . . this Court must make an independent determination regarding whether the hours set forth in the invoice are justified."); but see Garvin, 910 F. Supp. 2d at 138 n.2 (where the defendant does not address the amount of time spent litigating the action or the inclusion of costs, the court may treat the plaintiff's argument regarding these points as conceded). Nevertheless, upon review of Ms. Houck's invoice, the Court finds that her time entries are reasonable.[8]

### C. Plaintiff's Award of Fees and Costs

Using half the applicable USAO Laffey rate, or $225.00 per hour, Plaintiff is entitled to recover $4635.00 in attorney's fees expended in litigating this matter. Plaintiff will recover an

---

[8] Courts sometimes reduce a plaintiff's fees-on-fees award based on the plaintiff's degree of success in obtaining fees incurred in the underlying administrative action. See Briggs, 2015 WL 1811973, at *4. Here, however, the Court never determined the appropriate fee award plaintiff should have received for the underlying administrative action. Instead, plaintiff accepted an offer of judgment from defendant. The Court has found no case addressing how a "degree of success" reduction applies in this instance. The Court declines to make such a reduction here, particularly when defendant has not argued that such a reduction is appropriate.

additional $550.00 in costs.[9]  Thus, the total amount of plaintiff's fees-on-fees award is $5185.00.

## CONCLUSION

In light of the foregoing, plaintiff's Motion for Attorney Fees and Costs is **GRANTED IN PART** and **DENIED IN PART**.  An appropriate Order accompanies this Memorandum Opinion.


Date:  September 30, 2015                                 _____
                                                          G. MICHAEL HARVEY
                                                          UNITED STATES MAGISTRATE JUDGE

---

[9] The only costs claimed by plaintiff are the complaint filing fee ($400) and her process server fee ($150).  Both of these costs are reasonable. See Briggs, 2015 WL 1811973, at *3.